**HUFF et al. v. REID et al.**

Nos. 13024, 13030, 13033, 13049.

Court of Civil Appeals of Texas. San Antonio.

Sept. 1, 1937.

Rehearing Denied Oct. 27, 1937.

E. C. Overall, of Gonzales, for relators.

William F. Koch, of San Antonio, and Miller & Miller, of Gonzales, for respondents.

SMITH, Chief Justice.

Relators have presented a series of motions in aid of their effort to appeal by writ of error upon paupers' affidavits, without payment of costs, as provided by statute. Article 2266, R.S.1925, as amended by Acts 1931, 42d Leg., p. 226, c. 134, § 1 (Vernon's Ann.Civ.St. art. 2266); Article 2278a, added by Acts 1930, 41st Leg., 4th Called Sess., p. 91, c. 50, § 1 (Vernon's Ann.Civ.St. art. 2278a).

Relators have filed motions for extension of time in which to file statement of facts and transcript of the record relating to the proceedings upon the paupers' affidavits and the contest thereof by the respondents. This court granted said motion for additional time for filing the statement of facts adduced upon the hearing of the affidavit and contest thereof, and relators, in pursuance of that extension, have tendered a statement of facts, made up and duly authenticated by the trial judge, which has been ordered filed herein as the lawful statement of facts in the matter. At the same time relators tendered a statement of facts made up and verified by their counsel, with a prayer that it be substituted in lieu of the statement duly authenticated by the trial judge; it being contended by relators that the statement presented by them is full and correct, while that prepared and certified to by the judge is neither full or correct. We overrule the request for quite obvious reasons.

It appears that upon the hearing the trial judge sustained the contest of relators' affidavit of inability to pay or secure the costs of appeal, and refused to direct the clerk and court reporter to furnish to relators a free transcript of the record and the evidence, or to authorize appeal upon said affidavit in lieu of bond. We have carefully reviewed the evidence adduced upon the hearing of that matter, and hold that it does not appear from that evidence that the trial judge by his said finding abused the discretion lodged in him by law in such matters.

It follows that as no appeal has been perfected in the main case, either by cost bond or by a sustained affidavit in lieu thereof, this court has no active or potential jurisdiction of the cause, and all motions, including relators' application for writs of mandamus requiring the court officials to furnish a free transcript to relators, must accordingly be dismissed.